**Brian BLANCO, Plaintiff,**

v.

**CITY OF CLEARWATER, FLORIDA, a municipal corporation, and Sidney R. Klein, Kathy S. Rice, and Michael Roberto, Defendants.**

**No. 98–278–Civ–T–17E.**

United States District Court, M.D. Florida, Tampa Division.

June 17, 1998.

Robert G. Walker, Jr., Law Office of Robert G. Walker, Jr., Clearwater, FL, for Plaintiff. ·

Mark A. Hanley, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for Defendants.

### AMENDED ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss (Docket No. 7), and Plaintiff's response thereto (Docket No. 10).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

To state a constitutionally cognizable claim under 42 U.S.C. § 1983, the Plaintiff must allege that the Defendant acted under color of state law, and, in so doing, violated the Plaintiff's rights under the laws of the Constitution of the United States. Plaintiff

claims that the City of Clearwater, and Sidney R. Klein, Kathy S. Rice, and Michael Roberto, in their individual capacities, violated his right to intimate association as protected by the First Amendment to the United States Constitution, as guaranteed by the Due Process Clause of the 14th Amendment. The Plaintiff also adds a pendent claim under Article I, Section 23 of the Florida Constitution, claiming a violation of the right to individual privacy.

An initial reading of the complaint makes it clear that it is not a "shotgun pleading" merely by virtue of the number of counts asserted against the Defendants. The complaint is not "so disorganized and ambiguous that it is almost impossible to discern precisely what it is these (plaintiffs) are claiming." *Cramer v. State of Florida*, 117 F.3d 1258, 1261.

The complaint alleges the following facts in support of the suit. Plaintiff was a police officer with the Clearwater Police Department, hereafter CPD. On December 15, 1997, the Plaintiff was terminated by City Manager Michael Roberto, based upon the recommendation of Police Chief Sid Klein, acting through Deputy City Manager Kathy S. Rice. Prior to the date of termination, an internal investigation was initiaited by Chief Klein for the stated reason that Plaintiff allegedly had been involved in a long term sexual relationship with a seventeen year old female. The relationship allegedly commenced when the female was sixteen years old. Cited as the basis for this charge was CPD Regulation 213.15. The regulation states "no employee shall engage in conduct on or off-duty which adversely affects the morale or efficiency of the department; nor shall any employee engage in conduct on or off-duty which has a tendency to destroy public respect for the employee and/or the department and/or destroy confidence in the operation of the municipal service." (Exhibit D– 213.15)

According to the Plaintiff, prior to November 17, 1997, Plaintiff's relationship with his then-girlfriend, was generally unknown within the police department, was not generally known to the public, and was in all significant respects a private boyfriend/girlfriend relationship.

Plaintiff grieved his dismissal through the proper channels. On January 7, 1998, the Plaintiff was informed that the grievance was denied and the termination was upheld because the "sexual relationship [he] engaged in with a female juvenile was in direct conflict with the high standards that the community has come to expect from the Clearwater Police Department." (Exhibit D) An appeal to the grievance was denied by Kathy Rice. (See Exhibit E)

The complaint asserts that Defendants unlawfully: 1) violated the Plaintiff's constitutional right to intimate association, 2) violated the Plaintiff's substantive due process rights under the Constitution of the United States, and 3) violated his right to individual privacy under Article I, Section 23 of the Florida Constitution. Plaintiff seeks compensatory damages, and injunctive and declaratory relief.

The Defendants' Motion to Dismiss asserts that Counts II–VI fail to state a cause of action against the Defendants, individually. The individual Defendants claim the defense of qualified immunity as to Counts II–V. The individual Defendants assert that Count VI does not create a cause of action against private persons.

■ "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates 'no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). "Once the qualified immunity defense is raised, plaintiffs bear the burden of showing that the federal 'rights' allegedly violated were 'clearly established.'" *Lassiter*, 28 F.3d at 1150 n. 3 (citing *Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir.1989) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985)). "If case law, in factual terms has not staked out a bright line, qualified immunity almost always protects the defendant." *Id.* (quoting *Post v. City of Fort Lauderdale,*

7 F.3d 1552, 1557 (11th Cir.1993), modified, 14 F.3d 583 (11th Cir.1994)).

To determine whether the applicable law was clearly established at the time of the challenged conduct, reference must be made to the decisions of the Eleventh Circuit, the United States Supreme Court, and the Florida Supreme Court. *See Rose v. Town of Jackson's Gap*, 952 F.Supp. 757, 762 (M.D.Ala.1996). The Defendants assert that there is no case law in this Circuit or this state, indicating that an adult has a constitutional right to engage in a sexual relationship with a minor.

The Plaintiff asserts in his response to the Defendant's motion that there are several cases on point in the Eleventh Circuit and the Florida Supreme Court. Upon review of the cases cited by the Plaintiff, *Wilson v. Taylor* is the only case to affirmatively state that "dating is a type of association that must be protected by the First Amendment's freedom of association." *Wilson v. Taylor*, 733 F.2d 1539, 1543 (11th Cir.1984). "For the law to be clearly established to the point that qualified immunity does not apply, the law must earlier have been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Lassiter*, 28 F.3d at 1149 (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). A single case does not establish the law in a sufficiently concrete context so as to defeat the qualified immunity defense. Therefore, the Court dismisses Counts II–V against the individual Defendants.

The individual Defendants assert in their Motion to Dismiss that Count VI fails to state a cause of action in that Article I, Section 23 of the Florida Constitution does not create a cause of action against private persons. *Tucker v. Resha*, 634 So.2d 756, 759 (Fla. 1st DCA 1994). The Plaintiff agrees with the individual Defendants in his response to their motion and seeks to amend to sue the individual Defendants in their official capacities. Official capacity actions seeking damages are deemed to be against the entity of which the officer is an agent. *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir.1993) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–67, 105 S.Ct. 3099, 3104–3106, 87 L.Ed.2d 114 (1985)). Count VI would be realleged against the City of Clearwater, through the individual Defendants. Therefore, as a result of the individual defendant's dismissal from suit, Count VI is dismissed as well.

**ORDERED** that Motion to Dismiss (Docket No. 7) be **GRANTED** and Counts II–IV be dismissed with prejudice as to Sidney R. Klein, Kathy S. Rice, and Michael Roberto on the basis of qualified immunity and as to Count VI as to the individual Defendants and the Plaintiff shall have ten (10) days from this date to amend the complaint as to Count VI.